GEORGE COLE v. THE STATE.

No. 6609.   Decided February. 1, 1922.

**Assault to Rob—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to rob, the evidence was sufficient to sustain the conviction, there was no reversible error. Following White v. State, recently decided.

Appeal from the District Court of Jasper.   Tried below before the Honorable V. H. Stark.

Appeal from a conviction of assault with intent to rob; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Blake & Neel,* for appellant.—Cited: Bush v. State, 107 S. W. Rep., 348; Lee v. State, 34 Texas Crim. Rep., 519.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Long v. State, 47 Texas Crim. Rep., 296; Drysdale v. State, 156 S. W. Rep., 685.

MORROW, PRESIDING JUDGE.—Conviction is for assault with intent to rob; punishment fixed at confinement in the penitentiary for three years.   No attorney appeared for appellant at the trial.   The sufficiency of the evidence is questioned.

The facts are the same in all essentials as those related in the companion case of White v. State, No. 6610, recently decided.   White and the appellant were companions and coprincipals in the commission of the offense.

Appellant testified only to negative a previous conviction in order to support his plea for suspended sentence.   His confession was introduced, from which it appeared that he and White and two others entered into a conspiracy to rob and outlined the plan, which was that appellant and White would engage the cashier in conversation, and while so engaged, the other conspirators would enter and get the money, which would be subsequently divided; that in pursuance of the conspiracy, they went into the bank and asked for a draft, when

the cashier dodged and fired, and they fled. Both were armed with pistols.

The cashier's description of the incident was that the appellant and his companions were told that they must be identified; that they said a man by the name of Black would identify them, and indicated that he was nearby; that his suspicion was aroused by their conduct and while he was preparing the draft, he saw White in the act of drawing a pistol from his pocket. When he saw this, he fell down and discharged his own gun, which he had concealed.

Without further comment, we refer to the companion case mentioned in which we have held the evidence sufficient to show the assault with intent to rob.

The judgment is affirmed.

*Affirmed.*